UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
TEXARKANA DIVISION

JOYCE BEASLEY, et al.                                          PLAINTIFFS

vs.                    CASE NO. 05-4026

PRUDENTIAL GENERAL INSURANCE
COMPANY, et al.                                                DEFENDANTS

ORDER

Now on this 31st day of October, 2005, the above referenced matter comes on for this Court's consideration of **Plaintiffs' Motion to Remand** (document #16). The Court, having reviewed the pleadings of the parties, and all other matters of relevance before it, and being well and sufficiently advised, finds and orders as follows:

1. The plaintiffs commenced this class action lawsuit in the Circuit Court of Miller County, Arkansas on February 7, 2005. The complaint named as defendants to the lawsuit six insurance companies: The Reliable Life Insurance Company, Capitol County Mutual Fire Insurance Company, Prudential General Insurance Company, Prudential Property and Casualty Insurance Company, Old Reliable Insurance Company and Hartford Insurance Company of the Midwest.[1] The complaint asserts unjust enrichment, fraud, and constructive fraud and states that the defendants "improperly profited" by failing to pay general contractors' profit and overhead in connection with insured loss or damage to real

---

[1] Separate defendants The Reliable Life Insurance Company, Capitol County Mutual Fire Insurance Company, and Old Reliable Insurance Company were dismissed from this action on June 22, 2005.

property.  The plaintiffs further allege that a "conspiracy" existed among all of the defendants to "create, execute, enforce and maintain the unjust and fraudulent profit and overhead scheme."

2.  On March 28, 2005, separate defendant Hartford Insurance Company of the Midwest (hereinafter "Hartford") removed the matter to this Court.  Additionally, an Amended Notice of Removal was filed on April 8, 2005 to reflect the fact that all defendants have been served and that the remaining defendants consent to the removal.

In its notice of removal, Hartford asserts that the action may be removed to this Court pursuant to 28 U.S.C. § 1441, because this Court has diversity jurisdiction pursuant to 28 U.S.C. § 1332 in that "the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs" and is between "citizens of different States."  (Amended Notice of Removal, ¶ 8).

Plaintiffs now move this Court to remand the matter, alleging that there is no basis for federal diversity jurisdiction – specifically contending that the amount in controversy is less than $75,000.

3.  28 U.S.C. §1441 provides that a case is removable from state court if it is one "of which the district courts of the United States have original jurisdiction." 28 U.S.C. §1441(a).  In a case involving multiple causes of action, if one cause is removable, all may be removed.  28 U.S.C. §1441(c).

If at any time after removal it becomes apparent that the

district court lacks subject matter jurisdiction, the case must be remanded. 28 U.S.C. §1447(c). The party seeking removal or opposing remand has the burden of establishing federal jurisdiction, and all doubts on that issue are to be resolved in favor of remand. In re Business Men's Assurance Company of America, 992 F.2d 181 (8th Cir. 1993).

4. Diversity jurisdiction is conferred on the federal courts in civil actions between citizens of different states, in which the jurisdictional amount of greater than $75,000, exclusive of interest and costs, is met. 28 U.S.C. § 1332(a)(1). Diversity must be complete, meaning no plaintiff may share the same state citizenship with any defendant. Ryan v. Schneider Nat'l Carriers, Inc., 263 F.3d 816 (8th Cir. 2001).

In the present case, it is not disputed that diversity of citizenship exists, and the only issue is whether the $75,000 statutory minimum has been met.

5. In their complaint, the plaintiffs stipulate that their individual claims are below the $75,000 statutory minimum:

> Whether by restitution, disgorgement, injunction, return of ill-gotten gains and/or money damages, or any combination thereof, Plaintiffs seek recovery of less than $75,000 for each Plaintiff or Class Member from all Defendants, jointly and severally, including all interests and costs, including prejudgment interest, post-judgment interest, court costs, and attorneys fees. Therefore, although Plaintiffs contend that Defendants are jointly and severally liable for all damages and relief owed to each Plaintiff and Class Member, Plaintiffs expressly seek less than $75,000 total – from whatever source – on behalf of each Plaintiff or Class Member. Pursuant to Arkansas Rule of Civil Procedure 8(a), each Plaintiff and each Class Member is limited to

less than $75,000 recovery.

(Complaint, p. 22).

However, Hartford argues that the jurisdictional amount is met because it's cost to implement the measures concerning which plaintiffs seek injunctive relief would exceed $75,000. Specifically, with respect to each of plaintiffs' three causes of action, they seek an injunction requiring defendants to disclose to all class members and future customers information regarding general contractor's profit and overhead. (Complaint, p. 20, 21, 22). Hartford argues that an injunction making such a requirement would make it necessary for it to "create and implement a means of identifying new customers to whom the injunction would apply, to identify and generate 'material information' about general contractors' profit and overhead, and to ship or mail such material to its 'customers in the future.'" (Affidavit of William E. Patton, ¶ 5). Hartford further states that "[t]he cost of the information technology alone necessary to create, test and implement such a program in each of the various states would be well in excess of $75,000." (Affidavit of William E. Patton, ¶ 5).

The plaintiffs assert that Eighth Circuit precedent requires the Court to look to the "plaintiff's viewpoint" when analyzing whether the statutory minimum has been meet. However, Hartford argues that the circumstances in the case at bar are distinguishable from those in the cited Eighth Circuit precedent. Hartford also argues that the Class Action Fairness Act should

affect the Court's view of this removal issue.

6.   This Court recognizes that the issue before it is somewhat unsettled amongst the various jurisdictions -- both at the district and circuit court levels.  It has been cited to various district court opinions within the Eighth Circuit (including one of this Court's own decisions) which take differing positions on the issue.  While it clearly can be said that there may be some doubt in the premise in specific cases, the case of <u>Smith v. Amer. States Pref. Ins. Co.</u>, 249 F.3d 812, 813 (8th Cir. 2001), shows that, as a general proposition, the Eighth Circuit requires district courts to rely solely on the plaintiff's viewpoint with respect to the amount in controversy in diversity actions.  The earlier case of <u>Burns v. Massachusetts Mutual Life Ins. Co.</u>, 820 F.2d 246, 248 (8th Cir. 1987)(undisturbed by **Smith**) further supports plaintiff's argument that the *plaintiff's viewpoint* should be utilized in determining the issue even in the case wherein injunctive relief is being sought. According to <u>Burns</u>, "[t]he amount in controversy in a suit for injunctive relief is measured by the value to the plaintiff of the right sought to be enforced." <u>Id</u>.  Thus, although there can still be some doubts on the issue in a given case (as in this one and others reviewed), in light of the foregoing authorities and adhering to the principal that all doubts on the issue are to be resolved in favor of remand, the Court concludes that the plaintiff's viewpoint should be utilized in determining whether the case should be remanded.

Because there is no evidence to support an argument that the value of the injunctive relief to the individual plaintiffs is greater than $75,000, the Court concludes that the statutory minimum for diversity jurisdiction has not been meet and this case must be remanded back to state court.

7. The Court further concludes that Hartford's argument concerning the Class Action Fairness Act is unavailing because the Court believes the Act to be inapplicable in this case. The Act became law subsequent to the filing of this suit, and is not to be given retroactive applicability. <u>Pritchett v. Office Depot, Inc.</u>, 420 F.3d 1090 (10th Cir. 2005); <u>Bush v. Cheaptickets, Inc.</u>, 2005 WL 245926 (9th Cir., October 6, 2005).

**IT IS, THEREFORE, ORDERED** that **Plaintiffs' Motion To Remand** is **granted**, and the Clerk of Court is directed to remand this matter to the Circuit Court of Miller County, Arkansas.

IT IS SO ORDERED.

/S/JIMM LARRY HENDREN
JIMM LARRY HENDREN
UNITED STATES DISTRICT JUDGE